IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD RAFAEL McCISKILL,
    Plaintiff,

vs.                                      Case No. 3:09cv378/WS/EMT

WENDEL WHITEHURST et al.
    Defendants.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (Doc. 1). Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (Doc. 5).

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause

of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99)). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that his civil rights were violated due to his four-year placement in Close Management. Plaintiff admits that he was initially placed in close management in 2005 after he assaulted a staff member (Doc. 13 at 5). Although he was recommended for release to open population on January 6, 2009, Regional Director Wendel Whitehurst denied his release without justification. Because this denial allegedly failed to comport with the procedures set forth in Florida Administrative Code ("F.A.C.") Rule 33-601.800(16)(A)-(E), Plaintiff contends that his right to due process was violated (Doc. 13 at 8). Plaintiff describes in detail the restrictions that are part of the various levels of close management confinement, and he claims that his continued, indefinite placement in close management "has imposed an 'atypical and significant hardship in relation to the ordinary incidents of prison life' due to the degree and duration of this highly restrictive confinement." (*Id.* at 8–9). According to the Plaintiff, former Secretary Walter A. McNeil was grossly negligent in managing the people he was supposed to supervise, and the regional director was not authorized to review Plaintiff's eligibility for release. Plaintiff now seeks $85,000 in damages "for the atypical and significant hardship" imposed upon him (Doc. 13 at 10).

Plaintiff's claim for monetary damages for what is nothing more than mental anguish he claims to have suffered as a result of Defendants' conduct is prohibited by 42 U.S.C. § 1997e(e). Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is an affirmative defense, not a jurisdictional limitation. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Yates, 535 F.3d at 1321 (quoting Cottone, 326 F.3d at 1357). As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier, 314 F.3d at 532. This § 1983 action brought by Plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned. Plaintiff's complaint alleges only that he suffered an "atypical and significant hardship" (i.e., mental and emotional injuries), so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of clearly occurred while Plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, the incarcerated Plaintiff's damages claim is subject to dismissal without prejudice unless he alleges physical injury.[1] Further, he must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set

---

[1] The Eleventh Circuit's decision in Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also* Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g.,* Sears v. Rabion, No. 03-13558, 97 Fed. Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's sua sponte dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). *See also* Geiger v. Jowers, 404 F.3d 371, 375 ([th] Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief).

Case No: 3:09cv378/WS/EMT

out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."), *reh'g granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S. Ct. 2214, 150 L. Ed. 2d 208 (2001); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840 (N.D. Fla. 2000), *aff'd*, 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002). In the instant complaint, Plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from Defendants' conduct. Consequently, Plaintiff is presently prohibited by § 1997e(e) from bringing his damages claims.[2]

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED:**

That this cause be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 17th day of March 2011.

---

[2] Even if plaintiff's damages claim were permitted to proceed, Plaintiff's complaint fails to state a cause of action against former Secretary McNeill, as respondent superior, without more, does not provide a basis for recovery under section 1983. Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007); Cottone, 326 F.3d at 1352; Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone, 326 F.3d at 1360 (11th Cir. 2003); *see also* Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001); Swint v. City of Wadley, Alabama, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights. Marsh, *supra;* Harris, 65 F.3d at 917.

/s/ *Elizabeth M. Timothy*
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).