IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DONALD RAFEAL McCISKILL,
      Plaintiff,

vs.                                     Case No. 3:09cv378/WS/EMT

WENDEL WHITEHURST,
      Defendant.

---

### REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 is before the court on Plaintiff's third amended civil rights complaint (doc. 30).  Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (doc. 5).

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule.  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  See Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).   Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).

        This court previously recommended that Plaintiff's case be dismissed for failure to state a claim because Plaintiff had failed to meet the "personal injury" requirement of 42 U.S.C. § 1997e(e) (doc. 17).  Title 42 U.S.C. § 1997e provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The district court determined that Plaintiff's complaint could be liberally construed to include a claim for nominal damages (doc. 19).  Therefore, because such damages are not precluded by § 1997e, it rejected this court's recommendation with respect to Defendant Whitehurst and remanded the case for further consideration (doc. 19).[1]  Neither this court nor the district court considered the substance of Plaintiff's allegations against Whitehurst.  Since the district court's order, Plaintiff has submitted a second and third amended complaint, the latter of which (doc. 30) is currently before this court. Upon review of Plaintiff's most recent complaint, the court concludes that Plaintiff has not presented

---

[1] The court adopted this court's analysis and dismissed the claim against Defendant McNeil (doc. 19 at 2).

an actionable claim against Wendel Whitehurst, the only named Defendant, and that dismissal is therefore warranted.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that his civil rights were violated when he was not released from Close Management ("CM") after a 2009 review.[2]  Plaintiff admits that he was initially placed in CM  in 2005 after he assaulted a staff member and that he was criminally charged and convicted of this attack (doc. 30 at 5).  Plaintiff asserts that he moved through progressively less restrictive levels of CM until he was recommended for release to open population on January 6, 2009 (*id.*).  The report through which Plaintiff was recommended for release indicated that security or safety concerns warranting CM placement no longer existed (*id.*).  Although both a hearing team and the state classification office approved this recommendation, Regional Director Wendel Whitehurst denied Plaintiff's release from CM on April 10, 2009 (*id.*).  Plaintiff complains that no reason was given for the denial and, therefore, his right to procedural due process as set forth in Florida Administrative Code ("F.A.C."), section 33-601.800(16)(A)–(E), was violated (*id.*).  He asserts that this section of the F.A.C. "creates a constitutionally protected liberty interest" and that he was entitled to a written reason for his continued detention on CM status when he was reviewed in 2009 (*id*. at 5–6).  Plaintiff maintains that this lack of written review violated his procedural due process rights (*id.* at 6).  He also argues that his retention on CM was not justified, as he had no disciplinary reports from June of 2005 through April of 2009 (*id.*).

Plaintiff describes in detail the restrictions that are part of the various levels of CM confinement through which he progressed since his attack on a prison staff member (doc. 30 at 6–7).  Although he progressed from CM-1 to CM-3, the benefits and privileges he enjoys on CM-3 are still far fewer than those experienced by the open population (*id.* at 7).  Because of this, Plaintiff claims, his continued placement in CM "has imposed an 'atypical and significant hardship in relation to the ordinary incidents of prison life' due to the degree and duration of this highly restrictive confinement." (*id.*).  He requests nominal damages and "any other relief Plaintiff is entitled" for the alleged procedural due process violation (*id.* at 8).

---

[2]  It appears from Florida Department of Corrections records that Plaintiff is still in "close custody,"at Columbia Annex.  *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=824873854.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1.      whether the conduct complained of was committed by a person acting under color of state law; and

2.      whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d  40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law," U.S. Const. Amend. XIV, and it guards against both procedural and substantive violations.  In this case, Plaintiff alleges a procedural due process violation.  "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally-inadequate process."  Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994).  The Supreme Court has recognized two circumstances in which a prisoner, who has already been deprived of his liberty in the ordinary sense of the term, can be further deprived of his liberty such that due process is required. Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999); see also Smith v. Secretary, Dept. of Corrections, 358 Fed. Appx. 60 (11th Cir. 2009).  The first is when a change in a prisoner's conditions of confinement is so severe that the resultant change essentially exceeds the sentence imposed by the court. Bass, 170 F.3d at 1318 (citing Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995); and Vitek v. Jones, 445 U.S. 480, 492–93, 100 S. Ct. 1254, 1263–64, 63 L. Ed. 2d 552 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital)).  The second circumstance arises when the state has consistently given a certain benefit to prisoners, for instance, via statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Bass, 170 F.3d at 1318 (citing Sandin, 515 U.S. at 484, 115 S. Ct. at 2300; and Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976, 41 L. Ed. 2d 935 (1974) (prisoners may not be deprived of statutory "good-time credits" without due process)).

Plaintiff claims that Regional Director Wendel Whitehurst's decision to deny Plaintiff's release from CM "without any reason given for the denial" violated his right to due process as outlined in section 33-601.800(16)(a)-(e) of the F.A.C..  In his complaint, Plaintiff describes the actions taken by the Institutional Classification Team ("ICT") and the State Classification Office ("SCO").  Their actions, which are not at issue in the instant complaint,  appear to have followed the cited provisions as set forth in the F.A.C..  The Regional Director, however, is not specifically mentioned within these provisions, and thus has no responsibilities in accordance with them. Furthermore, Plaintiff's assertion that Regional Director Whitehurst's decision violated his rights ignores the requirement of section 33-601.800(16)(g), F.A.C., which provides in pertinent part:

> (g)     Before an inmate is released from CM, written authorization must be obtained by the SCO from the Secretary, Deputy Secretary, Assistant Secretary of Institutions, or Deputy Assistant Secretary of Institutions, if any of the following apply:
>
> 1.  The inmate has been convicted. . . of any assault or battery, or any attempted assault or battery, that constitutes a felony on a staff member.

Plaintiff received a five-year sentence for his battery on a staff member, a sentence which clearly qualifies the crime as a "felony on a staff member."[3]  Thus, the Secretary, Deputy Secretary, Assistant Secretary of Institutions, or Deputy Assistant Secretary of Institutions would need to provide written authorization for Plaintiff's release from CM.   The portions of the Florida Administrative Code cited by Plaintiff are preliminary steps to be taken by the ICT and SCO that do not involve the Regional Director, impose no requirements upon him, and do not override the provisions of 33-601.800(16)(g) set forth above.  Furthermore, Plaintiff is not challenging the **fact** of his placement in CM, but rather the procedures involved with Whitehurst's April 2009 decision that Plaintiff should remain on CM status.  The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.  Meachum v. Fano, 427 U.S. 215, 224 (1976); Sandin v. Conner, 515 U.S. 472, 478 (1995).   Plaintiff's disagreement with Defendant Whitehurst's decision does not convert that decision into an actionable procedural due process violation.  To the extent Plaintiff seeks to challenge the decision itself, or to

---

[3]   *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=678236119.

obtain a transfer from CM to the open population, or even recover damages due to an allegedly improper term of confinement, an action pursuant to § 1983 is not the proper vehicle by which to do so. *See, e.g.*, Heck v. Humphrey, 512 U.S. 477, 486–487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 30th day of August, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**